IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| James Clark, *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 19-cv-2297-CM-ADM |
| ) | |
| Scott Schwab, in his official ) | |
| capacity as the Secretary of State of ) | |
| Kansas, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## MOTION TO DISMISS
## FOR LACK OF JURISDICTION

Pursuant to Fed. R. Civ. P. 12(b)(1), defendant Secretary of State Scott Schwab ("Secretary Schwab") moves the court to dismiss plaintiffs' claims against him in whole or part.

In this action, plaintiffs seek orders declaring two Kansas statutes are unconstitutional. They want the Court to enjoin the statutes' implementation and enforcement. The statutes are K.S.A. 2018 Supp. 25-2430, which criminalize certain electioneering activity, and K.S.A. 2018 Supp. 25-2810, which allows local election officials to set rules for behavior in and around polling places. The earliest versions of these statutes have been on the books since the 1890s. Now, in 2019, plaintiffs hope to place their complaints that the statutes impermissibly restrict speech and violate due process before the Courts.

However, plaintiffs have sued the wrong defendants–or at least should not have sued Secretary Schwab. The Court lacks jurisdiction to resolve plaintiffs'

1

claims against Secretary Schwab concerning the Kansas electioneering statute because of lack of standing and sovereign immunity. In particular, plaintiffs' claimed injury from the electioneering statute is not traceable to Secretary Schwab and, as to the *Ex Parte Young* exception to sovereign immunity, Secretary Schwab has demonstrated no willingness to prosecute violations of K.S.A. 2018 Supp. 25-2430.

Likewise, the Court lacks jurisdiction to resolve plaintiffs' claims against Secretary Schwab concerning possible regulation of activity near polling places because of lack of standing and sovereign immunity. Plaintiffs' claimed injury from the voting place control statute is not traceable to Secretary Schwab. And Secretary Schwab has no duty to enforce and has not demonstrated any willingness to enforce the statute.

This defendant has filed a Memorandum in Support of Motion to Dismiss for Lack of Jurisdiction. It is incorporated here by reference.

Respectfully submitted,

OFFICE OF ATTORNEY GENERAL
DEREK SCHMIDT

s/ Arthur S. Chalmers
Arthur S. Chalmers, KS S. Ct. #11088
Assistant Attorney General
120 SW 10th Ave., 2nd Floor
Topeka, Kansas 66612
Ph: (785) 368-8426
Fax: (785) 291-3707
Email: art.chalmers@ag.ks.gov
*Attorney for Defendant Schwab*

CERTIFICATE OF SERVICE

This is to certify that on this 25th day of July, 2019, I electronically filed the above and foregoing with the Clerk of the Court using the Court's Electronic Filing System, which will send a notice of electronic filing to all counsel of record:

Lauren Bonds
lbond@aclukansas.org

Zal Kotval
Zchroff@aclukansas.org

Mark P. Johnson
mark.johnson@dentons.com

    *Attorneys for Plaintiff*

Cynthia Dunham
cynthia.dunham@jocogov.org

Donald D. Jarrett
don.jarrett@jocogov.org

    *Attorneys for Defendant*
    *Ronnie Metsker*

    s/ Arthur S. Chalmers
    Arthur S. Chalmers