# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

JAMES W. CLARK, et al.,

    Plaintiffs,

v.

Case No. 19-2297-CM-ADM

SCOTT SCHWAB, in his official capacity as the Secretary of State of Kansas, et al.,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the court on defendant Scott Schwab's Motion to Stay Discovery and Entry of Case Management Discovery Orders (ECF No. 27). For the reasons discussed below, the court grants the motion and stays discovery in this case pending the district judge's ruling on Mr. Schwab's motion to dismiss.

## I.    BACKGROUND

On June 13, 2019, plaintiffs filed a complaint against Mr. Schwab, in his official capacity as Kansas Secretary of State, and Ronnie Metsker, in his official capacity as Johnson County Election Commissioner. Plaintiffs' complaint alleges that a Kansas statute that bans certain electioneering activity within a 250-foot radius of a polling location, Kan. Stat. Ann. § 25-2430, is unconstitutional. They also allege that Mr. Schwab maintains an unconstitutional policy pursuant to Kan. Stat. Ann. § 25-2810 that grants local election officials unfettered discretion to exclude individuals engaging in any activity, including non-electioneering speech protected by the First Amendment, from the vicinity of polling locations.

1

On June 13, plaintiffs filed a motion for preliminary injunction asking the court to enjoin Mr. Schwab[1] from enforcing Kan. Stat. Ann. §§ 25-2430 and 25-2810 against individuals engaging in certain conduct, as well as to enjoin him from maintaining the alleged policy. (ECF No. 4.)

On July 25, Mr. Schwab filed a motion to dismiss plaintiffs' claims against him for lack of jurisdiction. (ECF No. 13.) He argues that he is entitled to Eleventh Amendment sovereign immunity and that plaintiffs lack standing with respect to their claims against him. Plaintiffs' response does not suggest that they require any discovery to respond to Mr. Schwab's sovereign immunity claim.

On September 11, plaintiffs filed a motion asking the court to issue a decision on their motion for preliminary injunction prior to October 14, 2019. (ECF No. 25.) Plaintiffs indicated that they "believe an evidentiary hearing is unnecessary . . . because the parties' briefing on the motion for preliminary injunction presents exclusively issues of law based on undisputed material facts." (*Id.* at 1, ¶ 3.) Mr. Schwab responded, stating that he does not object to plaintiffs' request, but he noted that the court would necessarily be required to decide his "pending motion to dismiss with or before [a] decision on the plaintiffs' motion." (ECF No. 26, at 1, ¶ 1.)

Mr. Schwab now asks the court to stay discovery and entry of case management discovery orders pending the district judge's ruling on his motion to dismiss. (*See* ECF No. 27.) He argues that a stay is appropriate because he has raised the issue of sovereign immunity. Plaintiffs oppose, arguing that Mr. Schwab has not met his burden to justify a stay, his sovereign immunity claim is likely to fail, and discovery "would directly assist in resolving whether Defendant Schwab is immune from suit." (ECF No. 30, at 2.) Mr. Metsker does not oppose Mr. Schwab's motion.

---

[1] Plaintiffs originally asked the court to enjoin both defendants, but plaintiffs later withdrew their motion as to Mr. Metsker.

## II. DISCUSSION

This District's longstanding policy is not to stay discovery simply because a dispositive motion is pending. *See Wolf v. United States*, 157 F.R.D. 494, 495 (D. Kan. 1994). A stay may be appropriate, however, if "(1) the case is likely to be finally concluded via the dispositive motion; (2) the facts sought through discovery would not affect the resolution of the dispositive motion; (3) discovery on all issues posed by the complaint would be wasteful and burdensome; or (4) the dispositive motion raises issues as to a defendant's immunity from suit." *Arnold v. City of Olathe, Kan.*, No. 18-cv-2703-CM-JPO, 2019 WL 2438677, at *2 (D. Kan. Mar. 8, 2019). Whether to grant a stay of discovery is committed to the trial court's sound discretion. *See id.* (citing *Clinton v. Jones*, 520 U.S. 681, 706 (1997)).

Here, Mr. Schwab's motion to dismiss raises the issue of sovereign immunity. Immunity from suit is a "broad protection" that grants government officials "a right, not merely to avoid 'standing trial,' but also to avoid the burdens of 'such pretrial matters as discovery.'" *Medina v. Cram*, 252 F.3d 1124, 1127 (10th Cir. 2001) (quoting *Behrens v. Pelletier*, 516 U.S. 299, 308 (1996)) (discussing qualified immunity). A defendant is therefore generally entitled to have questions of immunity resolved before being required to engage in discovery. *Arnold*, 2019 WL 2438677, at *2. Otherwise, a defendant entitled to immunity would be effectively deprived of its benefit. *See Siegert v. Gilley*, 500 U.S. 226, 232 (1991) (treating immunity as a threshold issue allows a court "to weed out suits . . . without requiring a defendant who rightly claims qualified immunity to engage in expensive and time consuming preparation to defend the suit on its merits").

The court finds that a stay of discovery is appropriate in this case. Mr. Schwab's motion to dismiss contends that he is entitled to sovereign immunity, and therefore the prudent course of action is to allow the district judge an opportunity to resolve this threshold issue before requiring

Mr. Schwab to participate in discovery. Although plaintiffs now argue that discovery would assist in this analysis, they did not believe discovery was necessary to respond to Mr. Schwab's motion to dismiss and they are not currently seeking any discovery on the sovereign immunity issue. Further, plaintiffs contend that their motion for preliminary injunction can be resolved on the existing record. That motion is inextricably entwined with the motion to dismiss, and both motions can be decided on the existing record. *See Arnold*, 2019 WL 2438677, at *3 (noting that discovery is not necessary to counter an immunity claim at the motion to dismiss stage because a plaintiff can rely on facts alleged in the pleadings).

Mr. Schwab argues the stay should also encompass Mr. Metsker. Although Mr. Metsker has not asserted an immunity claim, a partial stay as to only Mr. Schwab would result in piecemeal discovery and ultimately be inefficient. The court therefore stays discovery as to all parties pending the district judge's ruling on Mr. Schwab's motion to dismiss.

**IT IS THEREFORE ORDERED** that defendant Scott Schwab's Motion to Stay Discovery and Entry of Case Management Discovery Orders (ECF No. 27) is granted. Discovery and scheduling-related pretrial proceedings are stayed as to all parties pending the district judge's ruling on Mr. Schwab's motion to dismiss.

**IT IS FURTHER ORDERED** that the October 1, 2019 scheduling conference is cancelled. Within 14 days of the district judge's ruling on Mr. Schwab's motion to dismiss, the parties are directed to meet and confer and submit a proposed scheduling order via email to the undersigned's chambers. The court will then re-set the scheduling conference.

**IT IS SO ORDERED.**

Dated September 25, 2019, at Topeka, Kansas.

                                                  s/ Angel D. Mitchell
                                                 Angel D. Mitchell
                                                 U.S. Magistrate Judge